# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLTHEL W. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-3488 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| MEGAN J. BRENAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's motion to proceed *in forma pauperis* [4] is granted. The Clerk is instructed to issue summons for service of the complaint on the defendant. The United States Marshals Service is appointed to serve the defendant. Plaintiff must complete a service form for the defendant and return the form to the Clerk of Court. Plaintiff's failure to return the USM-285 form within thirty (30) days of the entry of this order may result in dismissal of the case for failure to prosecute. Plaintiff's motion for attorney representation [5] is denied without prejudice.

## STATEMENT

On April 21, 2015, Plaintiff filed a complaint against Megan Brenan, the United States Postmaster General, alleging employment discrimination. (Compl., Dkt. # 1.) On the same date, Plaintiff also filed a motion for attorney representation (Dkt. # 5) and a motion for leave to proceed *in forma pauperis*. (Dkt. # 4.)

Plaintiff's *in forma pauperis* application states that he is not currently employed, though he earned a monthly salary of $4,200.00 working at a post office until May 2014. Plaintiff has received a total of $15,000.00 over the past twelve months through workers' compensation and pension payments, and reports no other sources of income or assets. No one else lives at Plaintiff's residence, and no one is financially dependent on Plaintiff. A litigant need not be totally destitute to qualify for indigent status under § 1915. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In light of Plaintiff's very limited income over the past twelve months, the Court finds that Plaintiff has satisfied the requirements to proceed without payment of the filing fee.

The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen *in forma pauperis* complaints, and "shall dismiss the case at any time" if the Court determines that an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. A dismissal under § 1915 is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In determining whether the complaint states a claim for relief, the court applies the same standard used in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). A court is not, therefore, obliged to accept as true mere "labels and conclusions" or "naked assertion[s]" lacking "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). After accepting as true a complaint's factual allegations and drawing reasonable inferences in the plaintiff's favor, a court may then dismiss a complaint that fails to "state a claim for relief that is plausible on its face." *Id*. at 570.

Plaintiff's complaint is a form complaint for employment discrimination actions, and includes several questions and boxes to check that indicate the nature of the action. Plaintiff checked boxes indicating that Defendant discriminated against him on the basis of his age, color, disability, national origin, race, and sex. (Compl., Dkt. # 1, ¶ 9.) He also checked boxes indicating that Defendant failed to stop harassment and retaliated against him for some assertion of his rights. (*Id*., ¶ 12.) The most critical part of the form, however, is question 13, which instructs Plaintiff to write out the "facts supporting the plaintiff's claim of discrimination." Plaintiff left this section entirely blank. (*Id*., ¶ 13.) To survive dismissal, a complaint must give the defendant fair notice of the claim and the factual allegations on which it rests. *See Bell Atl. Corp*., 550 U.S. at 555. Plaintiff's complaint itself leaves the Court – and, more importantly, Defendant – entirely in the dark as to how Plaintiff feels he has been wronged. Plaintiff does, however, attach a decision by the Equal Employment Opportunity Commission rejecting Plaintiff's discrimination claims, and this decision reviews in detail Plaintiff's factual allegations. To the extent that the same conduct forms the basis for the instant suit, the attachment to Plaintiff's complaint contains sufficient allegations of fact to save the complaint from dismissal.

The Clerk is instructed to issue summons for service of the complaint on the defendant. The United States Marshals Service is appointed to serve the defendant. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for service on the defendant. The Clerk is directed to provide a USM-285 form to Plaintiff along with a copy of this order. The Marshal will not attempt service on the defendant unless and until the required

form is received. Therefore, Plaintiff must complete a service form for the defendant and return the form to the Clerk of Court. Failure to return the USM-285 forms within 30 days of the date of this order may result in dismissal of the case for failure to prosecute. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Federal Rule of civil Procedure 4(d)(2) before attempting personal service.

Plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases such as this one. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, 28 U.S.C. § 1915(e)(1) grants the Court discretion to recruit counsel for an indigent litigant. *See Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). When a pro se litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).

The Court can make no such finding here, as Plaintiff has failed to adequately fill out the motion for representation form. Question 2 of the form (which admonishes prospective plaintiffs in bold letters that it must be completed) requires that the movant list attorneys or organizations that he has contacted seeking representation. In response to this question, Plaintiff wrote simply "No." (Mot. Attorney Representation, Dkt. # 5, ¶ 2.) Plaintiff also puzzlingly completed the section "I have been unable to find an attorney because:" by writing only "Yes." On this record, the Court cannot find that Plaintiff has made reasonable attempts to secure representation prior to asking the Court to recruit an attorney for him. The Court also notes that Plaintiff's case appears to be a straightforward employment discrimination case, and that Plaintiff is a college graduate. Because the Court grants pro se litigants wide latitude in the handling of their lawsuits, it appears

that Plaintiff can adequately litigate this case on his own. Plaintiff's motion for attorney representation is therefore denied at this time, though if the case proceed to a point that assistance of counsel is necessary the Court may revisit this request.


SO ORDERED.                                  ENTERED:   April 27, 2015

                                                                  _____
                                                                  **HON. RONALD A. GUZMAN**
                                                                  **United States District Judge**